IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JEFF ANDERSON § | |
| § | |
| VS. § | CIVIL ACTION NO. G-08-190 |
| § | |
| BAYER MATERIALSCIENCE, L.L.C. § | |

## OPINION AND ORDER

On December 30, 2009, in Houston, Texas, this Court conducted a Hearing on "Bayer Materialscience LLC's Motion for Leave to File Third Party Complaint Against Clean Harbors Environment Services, Inc. and Ace American Insurance Company." Having considered the Motion, the response in opposition of Plaintiff, Jeff Anderson, and the arguments of counsel, the Court now issues this Opinion and Order.

On September 26, 2006, Anderson, an employee of Clean Harbors, was allegedly injured as a result of an explosion while working at Bayer's plant in Baytown, Texas, pursuant to a contract between Clean Harbors and Bayer which apparently provided that Bayer was to be named as an additional insured on Clean Harbors' liability policy with Ace American. After Anderson filed suit against Bayer on August 20, 2008, Ace American denied coverage and failed to provide Bayer with a defense. Therefore, Bayer has borne the costs of its defense against Anderson's claim. Bayer now wants to join Clean Harbors and Ace American to pursue, at least, breach of contract claims against them.

On January 9, 2009, the District Court entered a Scheduling Order which set a deadline of January 26, 2009, for the joinder of new parties. The instant Motion was filed on December 21, 2009. Since the joinder deadline has long past, Bayer's Motion is governed by Rule 16(b) of

the Federal Rules of Civil Procedure and may be granted only if Bayer can demonstrate "good cause" to modify the Scheduling Order.  S&W Enterprises v. Southtrust Bank of Alabama, 315 F.3d 533, 536 (5th Cir. 2003)     Generally, four factors must be considered to determine whether "good cause" justifies the proposed modification.  The Court will address the factors *seriatum*.

The Court must first consider Bayer's explanation for the failure to more timely move for leave to amend.  At the Hearing, counsel for Bayer admirably admitted that Bayer became aware of the position of Ace American as early as February 2009, within a few weeks of the court-imposed deadline.  Bayer, therefore, has no justifiable explanation for waiting until December 21, 2009, to file its Motion.

Next, the Court must consider the importance of the proposed amendment.  Obviously, the issues to be raised by the amendment are important to Bayer:  it wants to avoid liability for funding any adverse judgment or settlement and the ever-increasing legal fees and costs.  On the other hand, those issues are totally irrelevant to Anderson:  he could not care less who pays his damages, if any.  The main consideration, it seems, is how important the issues are to the complete resolution of this lawsuit and, in the opinion of this Court, they have little importance at all.  Whether Clean Harbors or Ace American breached contracts with Bayer are not relevant issues to the litigation of Anderson's claim against Bayer.  In fact, inclusion of Bayer's proposed claims would complicate the upcoming jury trial by adding questions about insurance coverage and bifurcation could be required to avoid litigating these collateral issues before the Jury.  Granting Bayer's Motion would, therefore, create wholly unnecessary litigation problems.  Moreover, Bayer is free to file its breach of contract suit against Clean Harbors and Ace American in an independent action which, if successful, would fully reimburse it for any expenditures its incurs

in this action. The adequacy of this alternative remedy clearly favors Anderson's interests and weighs in favor of denial of Bayer's Motion.

Third, the Court must consider the potential prejudice in allowing the amendment. This case is currently set for trial March 15, 2010, less than 3 months from now. There are no pending Motions which threaten that trial date and the dispositive motion deadline has passed. Joinder of Clean Harbors and Ace American at this time would inevitably cause the trial date to be continued and prejudice Anderson. Furthermore, the issues that would be injected into this action would require substantial discovery which is wholly unrelated to the merits of Anderson's claim, thereby, forcing Anderson to bear extensive but unnecessary costs and fees. Given that Bayer can pursue an independent action against Clean Harbors and Ace American, the resultant prejudice to Anderson of granting Bayer's Motion weighs heavily in favor of its denial.

The final factor is the availability of a continuance to cure the prejudice. Clearly, a continuance will not cure the prejudice that would be visited upon Anderson by stalling the resolution of his claim while Bayer, Clean Harbors and Ace American wage their lengthy battle to determine who must pay Anderson, that is, if Anderson were ultimately to win.

For all of the foregoing reasons, it is **ORDERED** that "Bayer Materialscience LLC's Motion for Leave to File Third Party Complaint Against Clean Harbors Environment Services, Inc. and Ace American Insurance Company" (Instrument no. 21) is **DENIED**.

**DONE** at Houston, Texas, this _____4th_____ day of January, 2010

John R. Froeschner
United States Magistrate Judge